Allan F. v Elizabeth F. (2004 NY Slip Op 51822(U))

[*1]

Allan F. v Elizabeth F.

2004 NY Slip Op 51822(U)

Decided on December 6, 2004

Family Court, Richmond County

Porzio, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 6, 2004

Family Court, Richmond County
Allan F., Petitioner
against
Elizabeth F., Respondent
V-XXX/XX

Ralph J. Porzio, J.
PROCEDURAL HISTORY
Petitioner, Allan F., and Respondent, Elizabeth F., were divorced June, 1998. Pursuant to the parties Judgement of Divorce, dated June 1998, custody of the two minor children, M., date of birth December 19, 1992, and A., date of birth January 14, 1994, was awarded to the Respondent Mother with visitation to the Petitioner Father.
On December 29, 2000 the Petitioner Father filed an Enforcement Petition of the Divorce Judgement in the Richmond County Family Court. On May 21, 2001 an Order of Visitation was entered.
In August of 2003 the Respondent Mother relocated to New Jersey with the two minor children.
On August 27, 2003 Respondent Mother filed a Petition for Modification requesting Petitioner Father's visitation be limited to day visits alleging instances of mental and verbal abuse of the children by the Petitioner Father. On September 26, 2003 the parties entered into a stipulation continuing the visitation schedule pursuant to the divorce judgment and agreed to enter counseling.
On April 5, 2004 Petitioner Father filed a petition alleging that the Respondent Mother violated the Order of Visitation.
On or about October 1, 2004 Respondent Mother filed an action in the Superior Court of New Jersey, Chancery Division: Family Part, Essex County requesting that visitation between the Petitioner Father and the children be suspended.
On October 22, 2004 Respondent Mother filed a motion requesting that Richmond Family
Court decline jurisdiction in favor of the Superior Court of New Jersey, Chancery Division: Family Part, Essex County claiming forum non conviens. 
Petitioner Father opposed the motion.
 An in camera of the two minor children was conducted on October 28, 2004. Each child stated that they did not wish to see the Petitioner Father detailing events of domestic violence, erratic behavior and drug use.
FACTS
Pursuant to the June, 1998 Judgment of Divorce the Respondent Mother was awarded [*2]custody of the two minor children with visitation to the Petitioner Father. In August of 2003 the Respondent Mother with the two minor children relocated to New Jersey.
The Respondent Mother and the children have made allegations against the Petitioner Father of domestic violence and erratic behavior. In addition, the children have made allegations that the Petitioner Father uses drugs during their visitation. The Respondent Mother further alleges that it is burdensome for her to travel with the children to New York for court appearances and appointments with the children's law guardian. 
ISSUE PRESENTED
This Court determined the following issue: 1) whether, based on inconvenient forum, New Jersey is the more appropriate forum to determine future issues of custody and visitation between the parties.
DISCUSSION
The Uniform Child Custody and Jurisdiction Enforcement Act (hereinafter referred to as the UCCJEA) was adopted by New York State and incorporated into the Domestic Relations Law (hereinafter referred to as the DRL) on April 28, 2002.
Pursuant to the UCCJEA a court may decline jurisdiction if it is determined that a court of another state is a more appropriate forum. DRL § 76-f. Relevant factors to be considered include:

"(a) whether domestic violence or mistreatment or abuse of a child or sibling has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(b) the length of time the child has resided outside this state;

(c) the distance between the court in this state and the court in the state that would assume jurisdiction;
(d) the relative financial circumstances of the parties;
(e) any agreement of the parties as to which state should assume jurisdiction;
(f) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(g) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
(h) the familiarity of the court of each state with the facts and issues in the pending litigation." DRL § 76-f.
Although the parties have appeared before this Court since December 2000, this Court has determined that New Jersey is the more appropriate forum.
When looking at all the relevant facts and circumstances of this matter and the factors enumerated above this Court strongly considered the children's age, as well as allegations of domestic violence, abuse and mistreatment. Furthermore, the Respondent Mother and the children have resided in New Jersey since August 2003 thereby establishing New Jersey as the children's [*3]home state.[FN1] Additionally, this Court finds that it would be burdensome for the Respondent Mother to travel to and from New York with the children for further court appearances and appointments. Finally, pursuant to DRL 75-i, this Court communicated with the Hon. Peter Ryan of the Superior Court of New Jersey, Chancery Division: Family Part, Essex County. [FN2] Judge Ryan confirmed the filing of a petition before him. After discussing the facts of this matter Judge Ryan and this Court determined that New Jersey was the more appropriate forum. Furthermore, Judge Ryan assured that the matter would be handled expeditiously.
For the reasons set forth above this Court determined that New Jersey is the more appropriate forum, New York is a forum non conviens and, accordingly, grants Respondent Mother's motion and dismisses Petitioner Father's April 5, 2004 Violation Petition.
All future litigation regarding the custody and visitation of the subject children to be filed in Superior Court of New Jersey, Chancery Division: Family Part, Essex County.
FINDINGS
As New York is a forum non conviens for the Respondent Mother and the children this Court finds that New Jersey is the more appropriate jurisdictional forum. Accordingly, Petitioner Father's Violation Petition of April 5, 2004 is thereby dismissed and Respondent Mother's October 22, 2004 motion for dismissal on the grounds of forum non conviens is granted.
All future litigation regarding the custody and visitation of the subject children to be filed in Superior Court of New Jersey, Chancery Division: Family Part, Essex County.

DECISION
This Court finds that pursuant to the UCCJEA and DRL § 76-f the State of New Jersey is the most appropriate jurisdictional forum. Accordingly, Petitioner Father's petition is dismissed and Respondent Mother's motion is granted.
This constitutes the decision and order of the Court.
E N T E R:
RALPH J. PORZIO
Family Court Judge
Dated: Staten Island, New York
 December 6, 2004
Footnotes

Footnote 1: "Home state" means the state in which a child lived with a parent or a person acting as a parent fo at least six consecutive months immediately before the commencement of a child custody proceeding" DRL § 75-a(7).

Footnote 2: "A court of this state may communicate with a court in another state concerning a proceeding arising under this article." DRL § 75-i(1).